26   431
131   452

26   431
168   274

## HYMES v. AYDELOTT.

HIGHWAYS.—BANKS OF STREAMS.—The court was equally divided upon the question whether the title of the act of *March* 6, 1865, (Acts 1865, p. 52,) authorizing supervisors to remove fences along highways upon the banks of water-courses in certain cases, was sufficient to cover that provision of the act authorizing such removal, except in the case where the road is turned to the rear of buildings standing near the stream.

SAME.—The act referred to is not a special law, within the meaning of sec. 22, art. 4, of the constitution.

SAME.—Neither is the law liable to the objection that it confers judicial power upon the supervisor.

SAME.—Section 20, article 1 of the constitution, which provides that the right of trial by jury shall remain inviolate, does not extend to proceedings for the assessment of damages in the location of highways. On appeal to the Circuit or Common Pleas Court the question may be tried by a jury.

APPEAL from the *Floyd* Circuit Court.

ELLIOTT, J.—*Aydelott*, the appellee, filed a complaint for an injunction against *Hymes*, the appellant, to enjoin and restrain him from removing the fences, and destroying the trees and shrubbery of the plaintiff, situated on certain land belonging to him, at said county of *Floyd*, which the

complaint alleged the said *Hymes*, claiming to be the super-visor of the road district in which the land is situated, was threatening to do.

*Hymes* answered by a general denial, and also a special paragraph alleging, in substance, that he then was, and for six months next preceding had been, the duly elected and qualified supervisor of road district numbered one, in *Franklin* township in said county, in which the plaintiff's land is situated; that the south side thereof is bounded by a public highway which follows the bank of the *Ohio* river, and the meanderings of said river, from the city of *New Albany* to the town of *Bridgeport*, in said county, which said highway was originally located and established as a state road, forty feet wide; that before the notice to remove the fences mentioned in the complaint was served on the plaintiff by the defendant, the bank of said river, upon and along which hitherto the said public highway had run, had, by the falling and washing away thereof, become unsafe and inconvenient for use as a public highway, by reason whereof it became and was the duty of the defendant, as such supervisor, to give the plaintiff, as the owner of the land, the notice set out in the complaint, to remove his fence on said land back from the bank of the river far enough to admit of the opening of the road at least forty feet wide around the part of said highway so fallen and washed away; and that in pursuance of said duty, under the provisions of the act of *March* 6, 1865, he gave said notice to the plaintiff.

The court sustained a demurrer to the special paragraph of the answer, and rendered a final judgment and decree of perpetual injunction against *Hymes*, in accordance with the prayer of the complaint. To these rulings *Hymes* excepted, and appeals to this court.

The act referred to provides that when any public road or highway, running or passing along the bank of any stream or water-course, shall, by the falling or washing away of the bank of such stream or water-course, become

unsafe or inconvenient for use as a public highway, it shall be the duty of the supervisor of highways having such road in charge, forthwith to give the owner or occupant of the land over which said road passes notice to remove his fence back from the bank of such stream or water-course, far enough to admit of the opening and construction of a road at least forty feet wide; and if such owner or occupant shall neglect to remove the fence as required by such notice, it shall be the duty of the supervisor to call out the hands liable to work on roads in his district and forthwith remove such fence, doing to the owner or occupant no greater damage than may be necessary for the removal of such fence. It further provides that if any dwelling house or building should stand so near such stream or water-course that a sufficient space is not left for the road, the supervisor may open the road in the rear of such dwelling house or other building. A provision is also made for the assessment of damages to the owner or occupant of the land, occasioned by any such change of the highway, by application to the board of commissioners of the county.

The material question discussed in the case, is as to the constitutionality of the act authorizing such changes of public highways. Several reasons are urged by the counsel for the appellee why the act is in conflict with the constitution of the State.

It is objected that the act violates section nineteen of article four of the constitution, which provides that each act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title. The title of the act in question is, "an act authorizing supervisors of roads to remove fences standing near public highways on streams or water-courses, and to turn public roads and highways on water-courses to the rear of buildings, where such buildings stand too near the stream to give room for said roads or highways, and assess damages for losses occasioned thereby."

It is claimed that the subject of the act, as expressed in

Vol. XXVI.—28.

the title, is not sufficient to cover a provision in the act authorizing the supervisor to remove fences and change the highway, except in cases where in consequence of a building standing too near the stream, it is necessary to change the highway to the rear of such building. The judges of this court are equally divided in opinion on this question, and a decision of it cannot therefore be made.

The constitution prohibits the enactment of local or special laws "for laying out, opening and working on highways." Article 4, § 22. It is insisted by the appellee that the act in controversy is a special law, and therefore comes within the prohibition. The law is not special but general. True it relates to a particular class of cases, and applies to them alone, as do a large number of legislative enactments, but that fact does not make it a special law. *Hingle* v. *The State*, 24 Ind. 28.

It is also claimed that the act violates section one of the seventh article of the constitution, which provides that "the judicial powers of the State shall be vested in a Supreme Court, in Circuit Courts, and in such inferior courts as the general assembly may establish." The objection urged is, that supervisors are merely executive officers, and are not clothed with judicial powers, and that the act in authorizing them to remove fences, when, by reason of the falling in or washing away of the bank of the stream on which highways are located, such highways become unsafe or inconvenient for use, makes them the judges of the necessity of the change, which is a judicial act, and can only be exercised by a court. The objection is untenable. The act confers no judicial power on supervisors. If, in such a case, the bank of the stream on which the road is located is washed away or has fallen in, so as to destroy the road-way, or render it unsafe or inconvenient for travel, it is a visible, physical fact, which does not require the adjudication of a court to determine. It is the duty of the supervisor to keep the roads of his district in a passable condition, and he is bound to see and know whether they are in that con-

dition, and it has never been regarded that in doing so he was exercising judicial powers. The power conferred on the supervisor is to appropriate private property for the public use, in the exercise of the right of eminent domain.

The act does not violate section twenty of article one of the constitution, which declares that "in all civil cases the right of trial by jury shall remain inviolate." This constitutional provision does not extend to assessing damages in such cases. *The Lake Erie, &c., R. R. Co.* v. *Heath,* 9 Ind. 558; *Dronberger* v. *Reed,* 11 Ind. 420. There can be no doubt of the right of appeal from the assessment of damages before the commissioners, under the general provisions of the statute authorizing appeals from that tribunal, and in the Circuit or Common Pleas Court, the question may be tried by a jury. *Kemp* v. *Smith,* 7 Ind. 471. Numerous other objections are urged to the provisions of the act, but as they are of a character more properly addressed to the legislative than to the judicial department, it is not deemed necessary to discuss them here.

The objections urged to the act of the legislature present the questions discussed by counsel, and we have given them our attention and passed upon them all except the first one, upon which, as has been stated, we are divided in opinion. One of the errors assigned is the ruling of the court in sustaining the demurrer to the appellant's special defense; but as this involves the validity of the act of the legislature, it is left undetermined.

Upon sustaining the demurrer, the court, over the general denial, rendered a final judgment for the plaintiff without a trial of the issue made by the denial, and this is assigned as error. This action of the court was doubtless the result of an oversight. It was nevertheless an error which must reverse the judgment.

The judgment is reversed, with costs.

*T. L. Smith* and *M. C. Kerr,* for appellant.

*J. H. Stotsenburg, T. M. Brown* and *Howk & Weir,* for appellee.