No. 12,726.

## KYLE ET AL. *v.* MILLER ET AL.

HIGHWAY.—*Public Utility.—Question for Jury.—Conflicting Evidence.—Supreme Court.*—The question as to the public utility of a proposed highway is one of fact, and where the evidence is conflicting the verdict of the jury will not be disturbed on appeal.

SAME.—*Damages.—Instructions.*—The question of the amount of damages sustained by a land-owner is one for the jury under proper instructions, and where the evidence is conflicting their verdict will not be disturbed on appeal, unless they have been erroneously instructed.

SAME.—*Evidence as to Different Line.*—In highway cases it is not error to exclude evidence tending to prove a line of highway different from that proposed to be opened, and not affecting its utility.

EVIDENCE.—*Examination of Witness.—Leading Questions.—Discretion of Court.*—Where there is no abuse of its discretion by the trial court, in permitting leading questions, there can be no reversal on such ground.

From the Kosciusko Circuit Court.

*C. Clemans,* for appellants.

ELLIOTT, J.—The question whether a proposed public highway will or will not be of public utility is one of fact. It is not a question of law to be determined by the court,

except, possibly, in cases where the facts are undisputed. Where there are considerations for and against the utility of the highway, the question is properly for the jury.

In this case the contested question was whether the proposed highway would be of public utility; and as there is conflicting evidence upon this question of fact, we must, under the firmly settled rule, decline to interfere with the verdict of the jury.

The question of the amount of damages sustained by a land-owner is one for the jury under proper instructions from the court, and where there is conflicting evidence upon this question, the Supreme Court will not interfere unless the jury has been erroneously instructed.

In highway cases it is not error to exclude evidence tending to prove a line of highway different from that proposed to be opened, and not affecting its utility. We think the evidence excluded in this case was as to a different line of highway, and one not affecting that proposed to be opened. If, however, we are wrong in this, still there was no error in excluding the evidence offered by the appellant, because his offer was to prove by parol a conveyance of land. It is hardly necessary to add that the best evidence of the conveyance was the deed.

The trial court has a liberal discretion upon the subject of permitting leading questions to be asked, and many courts hold that a judgment will not be reversed because the trial court allowed a leading question to be propounded, but we need not go that far in this case, for there was clearly no abuse of discretion by the trial court.

Judgment affirmed.

Filed Oct. 26, 1886.