Filed Oct. 30, 1890.

---

No. 14,528.

## MOORE ET AL. *v.* AUGE ET AL.

HIGHWAY.—*Public Utility.—Question of Fact for Jury.—Appeal.—Cul de Sac May be Laid Out.*—The question of the public utility of a proposed highway is a question of fact for the jury, and if a highway which is open only at one end be petitioned for, and the jury find such way to be of public utility, and there is evidence to support the verdict, the verdict will not be disturbed on appeal. Under our statute a *cul de sac* may be laid out and established as a highway.

SAME.—*Instructions to Jury.—Refusal of.*—An instruction to the effect that if the proposed road went only to the Kankakee river, and did not connect at that point with some other public highway leading to some public place, the proposed road would not be of public utility

was properly refused. The fact that the road terminated at the river did not render it of no public utility within the meaning of the law authorizing the location and establishment of public highways, and it was not proper for the court so to instruct the jury.

SAME.—*Instructions not Pertinent to Issues.*—For instructions requested involving the title to the bed of the Kankakee river, and held to have been properly refused because not pertinent to the questions in issue, see opinion.

From the Pulaski Circuit Court.

*W. Spangler, H. A. Steis, G. W. Beeman, C. E. Barrett, S. J. Peelle* and *W. L. Taylor* for appellants.

*A. I. Gould, G. A. Murphy, J. C. Nye* and *R. A. Nye,* for appellees.

OLDS, J.—This is a proceeding to establish a public highway in Starke county, Indiana, which was commenced by the filing of a petition with the board of commissioners of Starke county. Appellants filed a remonstrance, and the road was established by said board, and an appeal was taken to the Starke Circuit Court. The venue was then changed to the Lake Circuit Court, and from there to the Pulaski Circuit Court, where a trial was had resulting in a verdict for the petitioners, that the highway petitioned for would be of public utility, and assessing damages in favor of each of the appellants in the sum of $12.50, and a judgment was rendered in accordance with the verdict establishing the highway.

Appellants each filed a motion for a new trial, which was overruled and they reserved exceptions. The appellants each assign as error the overruling of their separate motions for a new trial; also, that the facts stated in the petition are not sufficient to entitle the petitioners to the relief asked for, and that it does not state facts sufficient to constitute a cause of action, or to give the court jurisdiction of the subject-matter. No question is made as to the form of the assignment of error.

The questions principally discussed relate to the weight of the evidence. It is contended that the road is not of

public utility, and that the damages assessed are too small. These are questions for the jury to pass upon, and there is evidence to support the verdict, and this court will not weigh the evidence.

In the case of *Kyle* v. *Miller*, 108 Ind. 90, it is held that the question as to the public utility of a proposed highway is a question of fact for the jury, and where the evidence is conflicting the verdict of the jury will not be disturbed on appeal, and this principle must rule in this case. The proposed highway commences at the south branch of the Kankakee river and runs about forty rods intersecting with a public highway, and it is contended that it constitutes a mere *cul de sac.* Even if this be true, it is, in effect, held in the case of *Adams* v. *Harrington,* 114 Ind. 66, that a highway open only at one end may be laid out and established. In that case it is said by the court: "There is nothing shown authorizing the inference that the road in question will form a mere *cul de sac,* that is, a way open only at one end. But, as to that, it may be noted that the weight of modern authority is to the effect that a *cul de sac* may, in certain cases, be laid out and established as a highway. *Sheaff* v. *People,* 87 Ill. 189 (29 Am. R. 49); *People* v. *Kingman,* 24 N. J. 559." See Elliott Roads and Streets, p. 1, and authorities there cited. We see no reason why such a highway may not be established under our statute. The question of public utility being a question of fact for the jury, and if a highway be petitioned for which is open only at one end, and the jury find such way to be of public utility, and there is evidence to support the verdict, the verdict must stand. It appears from the evidence in this case that the river at the point of beginning of the proposed highway is of such size that it is called English Lake, and is used by the public for fishing, hunting and bathing; at the other end the road intersects with other public highways leading to towns and other public places. The question of the public utility has been submitted to a jury and the jury found

Moore *et al.* v. Auge *et al.*

the proposed road will be of public utility, and there is evidence to support the verdict, and this court will not disturb the verdict.

It is suggested in the brief of counsel for appellants that the court erred in admitting evidence of the value of the land with and without the proposed highway, but our attention is not called to any particular evidence of this character admitted by the court, over the objection of the appellants, or directed to any portion of the record presenting any question as to the admission of such testimony, hence we are not called upon to pass upon the competency of such evidence.

It is contended that the court erred in refusing to give to the jury certain instructions requested by the appellants. The first is to the effect that the Kankakee is not a navigable river. The second is, that as the Kankakee river is not a navigable stream the owners of the land on either side thereof own to the middle of the stream, and are the owners of the ice that forms on the same, and that no other person would have a right to cut or remove ice therefrom. The third is to the effect that if the proposed road goes only to the Kankakee river and does not connect at that point with some other highway that does lead to some public place, then the proposed road would not be of public utility. The third instruction presents the same questions hereinbefore considered and passed upon. The fact that the road terminates at the river does not render it of no public utility within the meaning of the law authorizing the location and establishing of public highways, and it was not proper for the court to so instruct the jury.

The road commenced at the river bank, there was no question involved in the case as to title to the bed of the river, and there was no error in refusing to give the instructions.

There is no error in the record.

Judgment affirmed, with costs.

Filed Oct. 31, 1890.