FRITCH v. PATTERSON ET AL.

[No. 18,506.   Filed February 15, 1898.]

HIGHWAYS.—*Establishment.*— *Evidence of Public Utility.*— The ulti-mate fact of public utility in a proceeding to locate and establish a public highway, on appeal from the board of commissioners to the circuit court, is to be determined from all the evidence relative thereto by the court or jury trying the issue, and it is not necessary that such fact be proved by direct evidence, but it may be inferred from all the legitimate facts and circumstances in evidence. *pp.456, 457.*

SAME.—*Establishment.—Evidence of Public Utility.*—It is not essen-tially requisite in a proceeding to locate and establish a public highway that it be shown that the proposed road will be used by the whole community or by a large part thereof, if it appears that the road will be of public convenience, the mere fact that it will spe-cially facilitate the convenience of one or more persons over that of others, will not deprive it of its public character or utility. *p. 457.*

SAME.— *Establishment.— Necessity.—. Evidence of Public Utility.*— Where it is shown by the evidence that public convenience requires that a proposed highway be established it will be held to be of pub-lic utility although it may not appear to be of absolute necessity. *p. 457.*

EVIDENCE.—*Weight Of.*—Where there is evidence sufficient to sup-port the finding of the trial court the Supreme Court will not weigh the evidence for the purpose of ascertaining the preponder-ance thereof. *p. 457.*

From the Martin Circuit Court.   *Affirmed.*

*W. H. DeWolf*, for appellant.

*O. H. Cobb*, for appellees.

JORDAN, J.—Appellees petitioned the board of com-missioners of Knox county to locate and establish a certain described public highway in Palmyra town-ship in that county. The commissioners appointed viewers who made a favorable report, and thereupon the appellant filed a remonstrance alleging therein that the proposed road was not of public utility, and that he would be damaged by the location of the road.

Reviewers were appointed by the board, and they reported that the road would be of public utility, and awarded damages to the appellant in the sum of $40.00. This report was confirmed by the board, and the road ordered to be opened. Appellant appealed to the Knox Circuit Court, and on his application the cause was venued to the Martin Circuit Court, where a trial, by the court, resulted in a finding that the highway was of public utility, and that appellant was entitled to damages in the sum of $50.00, and, over his motion for a new trial, judgment was rendered accordingly. The error assigned is that the court erred in overruling the motion for a new trial, and the only grounds upon which counsel for appellant bases his claim for a reversal of the judgment are: First, that the evidence does not show that the highway will be of public utility; second, that the damages awarded are not sufficient. The highway in dispute is 900 feet or over in length, and connects with two other public roads. Five or six witnesses testified to facts tending to prove the public convenience or utility of the road, as against one witness introduced on the part of the appellant upon this issue. There is evidence showing that the proposed road will better and more conveniently enable persons in the vicinity thereof to reach the railroad station for the purpose of shipping stock and other products, etc., and will afford better facilities to the public than the old road, which, as some of the witnesses stated, is too narrow. The learned counsel for appellant seemingly does not deny but what the evidence proves that the road will be of some public utility, but insists that public utility does not require that it be established. The ultimate fact of public utility in cases of this character on appeal to the circuit court is to be determined by the court or jury trying the issue from all the evidence relative

thereto; and it is not necessary that this fact be proved by direct evidence, but it may be inferred from all the legitimate facts and circumstances in evidence. *Hagaman* v. *Moore*, 84 Ind. 496.   It is not essentially requisite to the proof of the disputed question of public utility in proceedings like these, that it must be shown that the proposed road will be used by the whole community, or, in fact, by a large part thereof. If it appears that it will be of public convenience, then the mere fact that it will specially facilitate the convenience of one or more persons over that of others, will not deprive it of its public character or utility. Elliott on Roads and Streets, 7; *Ross* v. *Davis*, 97 Ind. 79.   Possibly it might be said that there was no absolute necessity for the road in controversy, but there are facts and circumstances in evidence from which it may be inferred that public convenience required that it be established as proposed, and it may be asserted as a correct legal proposition that what the convenience of the public requires, is of public utility, although it may not appear to be of absolute necessity. *Green* v. *Elliott*, 86 Ind. 53.   As there is evidence sufficient to support the finding of the court on the question that the highway will be of public utility, we can not undertake to weigh it, but must accept the conclusion reached by the lower court on this issue.   *Moore* v. *Auge*, 125 Ind. 562.

There is evidence which fully supports the finding of the court upon the assessment of damages, and we cannot disturb the judgment on this feature of the case.   Judgment affirmed.