Heath *v.* Sheetz.

## Heath et al. *v.* Sheetz et al.

[No. 20.372.   Filed May 23, 1905.]

1. Appeal and Error.—*Weight of Evidence.—Question of Law.— Burden.*—The burden is upon the appellant who asserts that the verdict is not sustained by the evidence to show that the evidence most favorable to the appellee. including all of the legitimate inferences therefrom, wholly fails to establish some material fact.   p. 667.

2. Highways.—*Establishment.—Public Utility.—Burden of Proof.*— The burden of proving the public utility of a proposed highway is on the petitioners.   p. 668.

3. Same.—*Establishment.—Damages.—Burden of Proof.*—The burden of proving damages on account of the establishment of a proposed highway is on the remonstrant.   p. 668.

4. Same.—*Public Utility.—How Shown.*—It is not necessary, in order to establish the public utility of a proposed highway, to show that the entire community or even a large portion thereof will use such highway.   If it will be of public convenience, the fact that it will benefit a few persons specially will not defeat the right to have it established. p. 668.

5. Same.—*Damages.—How Determined.*—In estimating the damages caused by the establishment of a highway, the jury are not bound by the estimates given by witnesses or the cost of fencing, making wells, etc., but should estimate all of the damages, and against that, set off all of the benefits.   p. 669.

6. CONSTITUTIONAL LAW.—*Condemnation of Private Property.*—*Highways.*—*Compensation.*—The constitutional inhibition against taking private property without just compensation is not violated by the location of a public highway over lands without the payment of damages where the benefits derived by the owner are equal to the damage caused. p. 670.

7. EVIDENCE.—*Highways.*—*Damages.*—Where remonstrants in a highway proceeding on cross-examination ask a witness for petitioners the value of the lands of one of the petitioners, it is not error for the court to refuse to permit such remonstrants to ask such witness the further question as to the value of such petitioner's land with the proposed highway constructed. p. 671.

From Newton Circuit Court; *Charles W. Hanley,* Judge.

Petition by David C. Sheetz and others for the establishment of a public highway, against which Edward E. Heath and another remonstrate. From a verdict for the petitioners and a judgment establishing the highway as petitioned, remonstrators appeal. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Affirmed.*

*Daniel Fraser* and *Will Isham,* for appellants.
*Charles M. Snyder,* for appellees.

JORDAN, J.—On October 6, 1902, appellees petitioned the board of commissioners of the county of Benton to lay out and establish a certain described public highway in said county. The notice required by the statute was given, and the board appointed three disinterested freeholders to view and examine the proposed highway. These viewers made and filed a written report, as required by the statute, finding therein, among other things, that the highway would be of public utility.

Appellants, Heath and Kennedy, filed separate remonstrances objecting to the establishment of the road on the ground that it would not be of public utility. Both of them also set up and claimed in their respective remonstrances that they would be damaged by the highway on account of lands taken and appropriated thereby, and also alleged and claimed therein other damages which they

would sustain by the laying out of said road. Upon the filing of these remonstrances the board appointed three other persons as reviewers, to whom the questions presented by the remonstrances were submitted. These reviewers reported, in like manner as their predecessors, that the proposed road would be of public utility, and, further, that neither of the remonstrators would be damaged thereby. The board of commissioners granted the petition, and ordered said highway to be established as described in the petition. From this order of the board appellants appealed to the Benton Circuit Court. On change of venue the cause was tried in the Newton Circuit Court before a jury, and a general verdict was returned in favor of the petitioners, finding that the highway should be established, and further finding against the remonstrators upon their claim for damages. Over appellants' separate motions for new trial, judgment was rendered on the verdict.

Appellants appeal, and under their separate assignments that the court erred in overruling the respective motions for new trial their counsel argue that the verdict of the jury finding, in effect, that the highway will be of public utility, and that appellants will sustain no damages, is not sustained by the evidence.

1.  The questions in regard to public utility of the highway and the damages, if any, which would be sustained by appellants by the opening thereof were material facts, under the evidence, for the decision of the jury. The latter, by their verdict, and likewise the trial court in denying the motion for a new trial, impliedly, at least, decided these questions adversely to appellants. This court has universally held that, in order to justify a reversal of the judgment of the trial court on the alleged insufficiency of evidence, the burden is on the complaining party to show that the evidence in the record which may be said to be most favorable to his adversary, including all legitimate and reasonable inferences which can be deduced therefrom, is of

such a nature or character as to raise or present a question of law on some material issue in the case, and that such question, under the judgment below, has been decided erroneously. *Carver* v. *Forry* (1902), 158 Ind. 76; *Mead* v. *Burk* (1901), 156 Ind. 577; *Lee* v. *State* (1901), 156 Ind. 541; *Chicago, etc., R. Co.* v. *Vandenberg* (1905), *ante,* 470. The jury seem to have been convinced by the evidence that the road will be of public utility, and that appellants will not be damaged thereby. In this view the trial court, in upholding the verdict of the jury, apparently concurred. Upon these issuable facts there is evidence in the record pro and con, and there is no room for asserting that, when all of the evidence most favorable to appellee is considered, it presents, within the rule herein reaffirmed, a question of law for the decision of this court.

2. The onus in the trial court was cast upon the petitioners, appellees herein, to establish by a preponderance of the evidence the issue of public utility.

3. Each of the appellants in his own behalf had in like manner the burden of proving the issue tendered by him upon the question of damages. Both of the issues were questions of fact to be determined by the jury under proper instructions by the trial court. *Kyle* v. *Miller* (1886), 108 Ind. 90; *Fritch* v. *Patterson* (1898), 149 Ind. 455; *Speck* v. *Kenoyer* (1905), *ante,* 431.

4. It will subserve no useful purpose fully to sum up or set out the testimony given in the case. Suffice to say there is evidence disclosing that the road in question will be located on the section line, and will be one and one-half miles long, and, when constructed, will accommodate some fourteen families, who reside on the line and in the vicinity thereof. These families trade at a small village known as Aydelotte, a cross-roads point, at which there is a general store and a blacksmith shop. There is no other store or blacksmith shop nearer than ten miles. When the road is constructed it will serve materially to shorten the distance

which these persons are now required to travel in order to reach this village or trading point. There is a highway leading from Aydelotte which is the one usually traveled by these families or persons in going to Fowler, the county seat, and to other points beyond the village of Aydelotte. In the absence of the proposed road these persons are required to travel by a circuitous route in order to reach Aydelotte. It appears that the lands owned by appellee Johnson have no highway abutting thereon, and the only road which is adjacent to the lands of appellee Sheetz is on the east thereof, and this can be used by the occupants of the farmhouse thereon not to exceed six months of the year on account of the high waters of Pine creek. The only way to reach the house on the Sheetz land at all times of the year is to cross the lands of appellant Heath by passing through three gates and over bluffs. These are some of the material facts which there is evidence to sustain. It may be true that it is not disclosed that an absolute necessity exists for the establishment of this road, but that feature of the case is not a controlling question. It was not essential, in order to establish the public utility of the highway, to show that the entire community, or even a large portion thereof, would use the road when it was constructed. If it appeared that it will be of public convenience, then the fact that it will especially conduce to the convenience of one or more persons over that of others will not deprive it of its public character or utility. It may be asserted that what the convenience of the public requires will constitute public utility. *Fritch* v. *Patterson, supra.*

5. The damages of appellants are based on the alleged depreciation of the lands by the opening of the road and the value of the real estate actually appropriated for the use of the highway, together with the expenses due to changing fences, constructing wells for the use of stock, and other disturbances of the *status quo* usually incident to the opening of a new highway. There were witnesses introduced in

behalf of appellants who testified that, in their opinion, the lands of the latter would be depreciated in value—stating the amount—by reason of the highway, while, on the other hand, appellees introduced witnesses who gave evidence to show that the lands in question would not be damaged, but would be benefited by the proposed road; or, in other words, the lands would be worth more with the road running thereover than they would be without it. The jury in the case at bar in determining the question of damages was not bound or limited to the estimates given by witnesses in regard to the value of the lands in dispute, or the cost of changing and constructing fences, wells, etc. These, it is true, were elements of damages which the jury was required to consider, and, while the opinions of witnesses relative thereto were evidences of the facts in respect to the damages, still the jury was not bound under the circumstances to accept such opinions as absolutely determining the amount of damages sustained by appellants. The amount to be awarded by the jury depended upon benefits, if any, which accrued to the lands in controversy by the location of the road thereover. Or, in other words, if the jurors found that benefits would accrue to appellants' lands by reason of the proposed highway, then, under such circumstances, they were warranted in setting off such benefits against any damages which they found appellants would sustain by the opening and use of the road. *Watson* v. *Crowsore* (1884), 93 Ind. 220; *Goodwine* v. *Evans* (1893), 134 Ind. 262; *Forsyth* v. *Wilcox* (1895), 143 Ind. 144; *Burk* v. *Simonson* (1885), 104 Ind. 173, 54 Am. Rep. 304; *Speck* v. *Kenoyer, supra*. For aught appearing to the contrary, the jury may have found that the benefits which would accrue equaled appellants' damages.

6. While it is true that article 1, §21, of our Constitution declares that "No man's property shall be taken by law without just compensation," nevertheless under this pro-

vision the compensation to be awarded an owner for lands taken and appropriated for a public highway is not always required to be made in money, but the benefits which he derives by reason of the improvement may suffice to constitute a just compensation within the meaning of our Constitution. See authorities last above cited.

7. On the trial a certain witness upon cross-examination was interrogated by appellants' counsel in respect to the value of the lands owned by appellee Sheetz. In answer the witness stated that the land was worth $70 per acre. Counsel then propounded the following: "And if the road was constructed what would be its worth?" This question, upon appellees' objection, was excluded by the court. Of this ruling appellants complain. Appellants claim that they were entitled to have the witness answer the question propounded, in order to show that he knew nothing about the value which would accrue to lands adjoining those of appellant Heath. There is no merit in this contention. Even if there were, the extent of the cross-examination of the witness was a matter within the sound discretion of the court, and certainly it can not in reason be asserted that this discretion was abused by the ruling of the court.

We discover no error in the record, and the judgment is therefore affirmed.