WRIGHTSMAN *v.* BROWN ET AL.

[No. 24.091.   Filed June 6, 1924.]

1. **HIGHWAYS.**— *Changing.*— *Evidence of Public Utility.*— *Sufficiency.*—On a petition to change the location of a public highway, evidence *held* sufficient to sustain finding of public utility and public convenience.   p. 631.
2. **APPEAL.**—*Review.*—*Sufficiency of Evidence to Sustain Finding.* — *Evidence Considered.* — In determining, on appeal, whether the evidence is sufficient to sustain the finding, all evidence contrary to the finding must be disregarded.   p. 633.

From Henry Circuit Court; *Fred C. Gause,* Judge.

Petition for a change of a highway by Harvey E. Brown and others, opposed by James Wrightsman. From a judgment for the petitioners, Wrightsman appeals. *Affirmed*

*Jeffrey & Jeffrey,* for appellant.
*Paul Brown* and *Brown & Morris,* for appellees.

EWBANK, J.—Appellees petitioned to change a highway which ran diagonally northwest across the east three-fourths of a forty-acre tract of land, crossing on a bridge over a small creek at the bottom of a ravine, and running along the top of a fill that often washed out, and to relocate it so that it would run directly north along the east side of the said tract, passing east of the creek and not crossing any stream except a small branch, the water of which, at the point where it was proposed to cross, could all be carried (witnesses said) by a twenty-inch sewer pipe.   The viewers and also the

reviewers reported in favor of making the proposed change, and an appeal was taken to the circuit court, where a jury also found in favor of the petitioners. The sufficiency of the evidence to sustain the finding is the only question presented for review.

There was evidence that the forty-acre tract crossed by the highway was the north half of a farm owned by appellee Conway; that a highway along which

1. was a "good pike" ran east and west at the north end of the farm, on which Conway's residence faced, eighteen rods east from its northwest corner, being situated immediately west of where the road to be changed ran into the east and west highway; that the road to be changed ran between Conway's house and his barn, and thence southeast about forty rods, down a little hill with a four per cent. grade into a ravine, at the bottom of which was a stream that was crossed on a bridge which had cement abutments and a plank floor, and was approached by a fill on either side; that **one** fork of the stream washed against the fill for a distance of 150 feet, where the east side of it had been protected by a wall, but the wall had caved in, so that there was an abrupt drop at the side of the wagon track of four or five feet to the bottom of the stream, and the dirt had washed from under one abutment of the bridge for nearly one-half of its length, and the road bed there was only ten or twelve feet wide; that the abutments of the bridge were broken and "in very bad shape", that the road along there washed out frequently, and, at the time of the trial, part of the dirt, as well as the wall, had "caved in"; that the cost of a new bridge there would be $750, and the cost of repairing the old bridge and the retaining wall so as to make a permanent improvement would be $450; that the proposed change would be wholly on the land of Conway (one of the petitioners), and the proposed new road from where it

would turn straight north, up to the pike, would be 319 feet shorter than the diagonal road then in use; and that the lowest point on the proposed road would be four feet higher and the highest point three feet lower than the corresponding lowest and highest points, respectively, on the road before it was changed, and the greatest fill required on the new road would be two and one-half feet; that the steepest grade required would be two and three-fourths per cent., as against a grade of four per cent. on the old road; that to construct the proposed new road, including the cost of a gravel surface and a sewer pipe under the roadway at the little branch, would be $600 or less; that a mail route passes over this road and turns east along the pike, and, for a person going in that direction, the distance would be 1,006 feet shorter, while for a person going west on the pike it would be .680 feet longer; that another road ran south from the pike along the west side of Conway's farm, only twenty rods west of where the diagonal road came out upon the pike, being eighty rods from the proposed line of the new road; that the diagonal road extended two miles southeast from this place, and except that it had been changed so as to go around the square corner of the next quarter section, extended several miles northwest; that there were four farm residences on the diagonal road southeast of where it was proposed to change its course, but no school houses; that the existing road cut off sixteen acres of the northeast corner of Conway's farm, in a triangular shape, and ran between his house and his barn, while the proposed new road would follow along his east line; that the proposed new road was laid out thirty feet wide. And a witness testified that, in his opinion, if the road were to be changed as proposed, it would afford a better route for travel, with the same convenience.

Whatever evidence there may be to the contrary must

be disregarded in passing on the question, on appeal, whether or not the evidence is sufficient to sustain the finding. We think this evidence sufficient.

The judgment is affirmed.

Gause, J., not participating.