## KELLY *v.* HERBST ET AL.

[No. 25,775. Filed April 2, 1930. Rehearing denied June 12, 1930.]

*Claude Cline* and *Mart J. O'Malley,* for appellant.

*George M. Eberhart, Fred H. Bowers, Milo N. Feightner* and *Lee M. Bowers,* for appellees.

MARTIN, J.—Robert S. Herbst and 928 others, appellees herein, on January 11, 1926, petitioned the board of county commissioners of Huntington County under the county unit road law, Acts 1919, ch. 112, §8313 *et seq.* Burns 1926, for the improvement, by grading, paving, etc., of certain established highways in that county, extending (in three sections, A, B and C), a distance of about 20 miles from a point near Bippus, in the northwest corner, to a point near Warren in the southeast corner of the county. The board, after making the necessary formal findings, ordered the proposed improvement viewed and surveyed and that a report be made on March 3, 1926. Additional time was granted from month to month until June 7, 1927, when a favorable report and finding was made by the engineer and viewers in such proceedings and in favor of the public utility of such improvement. Specifications and estimates accompanied the report estimating the cost of section A, 38,159 feet, at $197,741.27; section B, 32,612 feet, at $165,359.50; and section C, 33,088 feet, at $205,619.20; total $568,719.97. The board of commissioners on June 20, 1927, noted the filing of the report and directed the

auditor to notify the county council to appear on June 27, 1927, to view the highway and determine whether the improvement would be of public utility.

On June 10, 1927, T. P. Johnson and 2,785 others (including the appellant herein) filed a remonstrance against the granting of the petition, alleging that the construction of the highway would increase their tax burdens, which were already unduly high, that the highway should be taken over and improved from state funds, that there was no necessity for the construction as proposed, and that the proposed improvement would not be of public utility and convenience.

The county council, on June 27 and 28, 1927, met and examined the petition and the premises, and, by a vote of four to three, passed an ordinance finding that it would be of public utility to improve the highway as petitioned for and as reported by the viewers. On June 28, 1927, on petition of John P. Kenower and more than 50 other freeholder electors, the board of commissioners submitted the plans and specifications to the State Highway Commission for its approval.

On July 8, 1927, the board, "after being duly advised in the premises and after argument of counsel," found against the remonstrators, again found that the highway would be of public utility, and overruled the remonstrance. On August 4, 1927, Burr R. Kelly filed with the county auditor an affidavit showing that he was an interested taxpayer of Huntington County, was aggrieved by said decision, and desired to appeal from the same. This was accompanied by an appeal bond which was approved by the auditor.

The State Highway Commission made suggestions for a number of changes in the plans and specifications by correspondence extending over a period from August 8, 1927, to June 5, 1928, and the plans were changed to provide that the width of the berms should be five feet

instead of three feet, and that Section C should "terminate at the point of intersection of said Tip Top Trail with the Montpelier Gravel Road," thus reducing the length of the road one and one-half miles and eliminating some dangerous curves. Other changes suggested and made had to do with bridge and culvert structures, lengthening certain curves, reducing certain grades and installation of flashing signals at grade crossings of railroads. Thereafter George S. Good and 22 other original petitioners filed a supplemental petition with the board of commissioners consenting to the modifications suggested by the State Highway Commission and the board and county engineer consented to such modification. The estimated cost under the modified plans was: Section A, $199,224.69; Section B, $167,186.93; and Section C, $128,641.54; cost of preliminary expense and expense of supervision and construction $12,000; total cost $507,-053.16.

The circuit court made a special finding of facts and stated conclusions of law thereon that the improvement would be of public utility and entered a judgment referring the matter back to the board of commissioners for further proceedings.

The appellees have moved to dismiss this appeal, alleging as reasons therefor: (1) that Burr R. Kelly, who appears as the only appellant, is but one of many coparties in the proceedings in the Huntington Circuit Court, and that said Kelly has failed to give notice to his coparties as required by §§707, 708 Burns 1926 (considering this as a vacation appeal); and (2) that appellant has failed to file an appeal bond as ordered by the trial court, [§698 Burns 1926] (considering this as a term-time appeal). No bond was filed by the appellant upon his appeal to this court, the appeal is a vacation appeal, and if there were coparties with appellant to the judgment below, notice to them is necessary on appeal.

Section 8321 Burns 1926, regarding remonstrances against the establishment or improvement of highways under the county unit road law, provides that:

"Either party may appeal to the circuit court, in the same manner as in the case of persons aggrieved by any decision of the board of county commissioners."

Section 8607 Burns 1926, regulating appeals in highway proceedings, provides in part:

"Except as otherwise provided in this act, any person aggrieved by any decision of the board of commissioners of any county in any proceeding in relation to highways may appeal therefrom within thirty days to the circuit court of such county, by filing a bond, with surety and penalty to be approved by the auditor of such county, conditioned for the due prosecution of such appeal," etc.

Section 5976 Burns 1926, concerning appeals generally from such board, provides:

"From any decision of such commissioners there shall be allowed an appeal to the circuit court by any person aggrieved; but if such person shall not be a party to the proceeding, such appeal shall not be allowed, unless he shall file in the office of the county auditor his affidavit, setting forth that he has an interest in the matter decided, and that he is aggrieved by such decision, alleging explicitly the nature of his interest."

Section 5977 Burns 1926 requires a bond in substantially the same language as that quoted above from §8607, *supra.*

Burr R. Kelly filed his affidavit setting forth that he had an interest in the matter decided by the board of commissioners, that he was aggrieved thereby as a taxpayer, and that he desired to appeal to the circuit court. He tendered his bond for approval,

which was signed by himself and by 19 others, who had also been remonstrators, and such bond was approved. Appellees contend that the 19 other remonstrators who signed the appeal bond which Kelly filed with the auditor were not merely sureties but were coparties to this action with Kelly in the circuit court. It is true that such bond did not indicate who was principal and who was surety. It is also true that, at many places in the record, there is reference to remonstrators and petitioners in the plural as well as in the singular, and while some of the exceptions to the ruling of the court were noted as having been made by the remonstrator or the petitioner, other exceptions were noted as having been made separately and severally by the remonstrators or petitioners. It seems clear to us, however, regardless of this confusion in terminology during the trial, that Burr R. Kelly was the only one of the remonstrators who appealed to the circuit court. As one of the remonstrators, appellant is a "party" within the meaning of §8321 Burns 1926, and it was probably not necessary for him to make the affidavit required by §5976 Burns 1926, but it is significant that he was the only person who made such an affidavit, and he can properly be considered as the principal in the bond which was tendered and approved. We conclude that he was the only party appellant in the lower court, is the only party appellant here, and that the motion to dismiss the appeal should be, and the same is, hereby overruled.

The errors assigned and relied upon by appellant are the overruling of his motions (A) to dismiss and strike out the proceedings in the circuit court, and (B) to refer the proceedings back to the board of commissioners, (C) error in the conclusions of law above referred to and in the overruling of his motion for a new trial, wherein it is averred (D) that the court erred in permitting the introduction in evidence of the plans and specifications as the same had been amended following their submis-

sion to the State Highway Commission after appellant had taken his appeal to the circuit court, and (E) that the court erred in refusing to grant his request for a jury trial.

The alleged error (A) is based on the propositions that: (1) the transcript on appeal from the board to the circuit court did not contain the report of the engineer and viewers containing the plans and specifications of the improvement (such report having been sent to the State Highway Commission and so noted by the clerk in preparing the transcript), and (2) that notice in writing, as provided for in the statute, was not given to the county council to meet and determine the question of the public utility of the improvement.

Section 8374 Burns 1926 requires, where the estimate of the viewers shows a cost of more than $2,000 per mile, and a proper petition is filed by 50 or more freeholders, that the plans and specifications be submitted to the engineer of the State Highway Commission. The absence of material papers from the transcript sent up by the auditor was not sufficient ground for dismissal of the proceedings, the proper remedy in such a case being a motion to direct the auditor to supply the missing papers. *Board, etc.*, v. *Loeb* (1879), 68 Ind. 29. The record shows that appellant later did make a motion to require the auditor to certify to the circuit court both the original and the modified plans and specifications, which motion was granted. The appellant has not been harmed and both sets of plans are in the record.

The notice given by the auditor to the county council appears to have been sufficient to comply with §8373 Burns 1926. The record recites that the meeting of the council was held "as per notice duly given to each member of the county council and published in the Huntington Herald and the Huntington

Press . . . which notice is in the following words and figures. . . ." The fact that notice was given by publication does not negative the fact that "at least three days written notice" was given. Moreover, all of the members of the county council appeared in response to the notice and were present and voted on the road, and if there was an irregularity in the character of the notice given, it would not invalidate the action taken. *City of Crawfordsville* v. *Hays* (1873), 42 Ind. 200; *Louisville, etc., R. Co.* v. *Nicholson* (1877), 60 Ind. 158.

The alleged errors (B) and (D) are based on appellant's proposition that the circuit court on appeal from the board of commissioners could not properly consider an improvement which differed from the improvement petitioned for and remonstrated against, and that the plans, as modified by the State Highway Commission engineer and approved by the board on June 8, 1928, (after appellant's appeal to the circuit court was taken August 4, 1927), were for a different improvement than that provided for in the original plans filed June 7, 1927 (and approved July 20, 1927). We do not believe, however, that the changes required by the state highway engineer and made by the board changed the essential character of the improvement. The question presented by the remonstrance of whether the paving with concrete of a 20-mile road, angling across the county, at a cost of approximately half a million dollars was of public utility, remained practically the same under the amended plans and specifications as it was under the original plans and specifications.

Section 8374 Burns 1926, which required these plans and specifications to be submitted to the state highway engineer, provides that no contract shall be awarded "for the construction of said improvement or bridge until said plan and specifications, or amended plans and speci-

fications, have been approved by said engineer." The time for filing a remonstrance under the county-unit road law is not fixed with reference to such approval. Section 8321 Burns 1926 provides for the filing of such remonstrance within 10 days after the filing of the report of the board of commissioners. Changes in the plans and specifications by the state highway engineer of such a magnitude as to render possible a different decision on the question of a road's public utility may or may not have been contemplated by the Legislature, but it is not necessary for us under the facts in this case to speculate upon such a situation.

Under the alleged error (E), the question is presented as to appellant's right to have the cause tried by a jury. Section 437 Burns 1926 provides that issues of fact are triable by jury in all civil cases that were not of exclusive equitable jurisdiction prior to June 18, 1852, and it has been the uniform practice to try cases of this kind before a jury, as may be seen by an examination of the following cases. *Scofield* v. *Miller* (1925), 196 Ind. 635, 149 N. E. 345; *Ferguson* v. *Bilsland* (1925), 196 Ind. 291, 146 N. E. 326; *Wrightsman* v. *Brown* (1924), 194 Ind. 630, 144 N. E. 21; *Lewis* v. *Bunnell* (1921), 190 Ind. 585, 131 N. E. 386; *Sterling* v. *Frick* (1908), 171 Ind. 710, 86 N. E. 65, 87 N. E. 237; *Heath* v. *Sheetz* (1905), 164 Ind. 665, 74 N. E. 505; *Forsyth* v. *Wilcox* (1895), 143 Ind. 144, 41 N. E. 371; *Potter* v. *McCormack* (1891), 127 Ind. 439, 26 N. E. 883; *Peed* v. *Brenneman* (1883), 89 Ind. 252; *Coyner* v. *Boyd* (1876), 55 Ind. 166; *Hymes* v. *Aydelott* (1866), 26 Ind. 431; *Kemp* v. *Smith* (1856), 7 Ind. 471. In the last case cited, it was said:

"The object of the appeal is, we think, to give the parties the benefit of a trial of questions of fact, in a court where a jury can be called, where the rules of law can be applied, and the points in contro-

versy judicially determined; such as, whether the road is of public utility, or whether an objector has sustained damages, and how much, if any."

Section 20, Art. 1, Constitution, §72 Burns 1926, providing that "in all civil cases, the right of trial by jury shall remain inviolate" has been discussed by the parties, the appellees contending that it does not guarantee the right to a jury trial in this sort of a case. It will be noted, however, that while this provision of the Constitution prevents the curtailment or limitation of the right of trial by jury, it does not prohibit the extension of the right, and if the right to a jury trial in such a case has been developed and acknowledged in the law, and constitutes the long established practice in the state, it would be error to refuse a jury trial even though, under the Constitution, the Legislature might possess the power (which it has not exercised) to provide for trial by the court only in such a case. It is not necessary in this case to decide, and we do not decide, whether a statute would be constitutional which provided that the question of whether the improvement of a road is of public utility should be determined by the court without a jury.

The trial court erred in refusing to grant appellant's request for a jury trial.

The appellee contends, since a copy of the motion for a jury trial is not in the record, that no question concerning any ruling on such motion is presented. The record shows that the remonstrator "files motion for submission of cause to jury for trial" and that the "court overrules said motion." No motion is set out in the record, although the reporter who transcribed the record left a blank space at that point. A motion for a jury trial is not required to be in writing and we cannot say from the record before us that the

motion was written and not oral.   We think the record sufficient to present the error.

Judgment reversed, with directions to grant appellant's motion for a new trial, and for further proceedings not inconsistent herewith.