## STRONG v. ROSS.

[No. 5,596.   Filed October 4, 1905.]

1.   STATUTES.—*Appeal and Error.—Instructions.—Oral.—Exceptions.*—Where oral instructions are given by the court they must be reduced to writing and filed with the clerk one full day before the close of the term and the exceptions then properly noted as provided by the act of 1903 (Acts 1903, p. 338, §1) or no question can be presented thereon on appeal.   p. 177.

2.   SAME.—*Appeal and Error.—Instructions.—Oral.—Exceptions.* —The statute (Acts 1903, p. 338, §1) contemplates that oral instructions shall be reduced to writing, then paragraphed and filed by the court, at which time they become part of the record and then exceptions may be taken orally and entered upon the record or minutes of the court, or in writing at the close of the instructions.   p. 178.

From Benton Circuit Court; *Joseph M. Rabb,* Judge.

Action by Joseph Ross against Luther G. Strong for ejectment and damages.   From a judgment for plaintiff, defendant appeals.   *Affirmed.*

*Stuart, Hammond & Simms* and *Fraser & Isham,* for appellant.

*Everett & Everett,* for appellee.

BLACK, J.—The appellee sued the appellant, who has sought to present for our consideration the sixth instruction given to the jury by the court of its own motion.   By

entries of record it is shown that the trial was commenced
June 23, 1904, and that on the next day, "after the con-
clusion of the evidence and the argument of counsel, and
the instructions of the judge," the jury retired, and after-
ward, on the same day, they returned their verdict, which
is set out; also, that on Monday, June 27, 1904, the appel-
lant filed his motion for a new trial, in which the only
specification of alleged error in the giving of instructions
is as follows: "That the court erred in giving to the jury,
each and singular, the following instructions, being the
instructions given by the court and taken down in shorthand
by the reporter of the court, and numbered respectively
from and including number one to and including number
one to eight."   The motion in the transcript of the record
is in typewriting, except that the last three words of
the above-quoted specifications in the motion are in hand-
writing.   On the same day (June 27, 1904) the motion for
a new trial was overruled, and the appellant was granted
time, extending beyond the term, to prepare and file his
bills of exceptions; and thereupon the court rendered judg-
ment.   Afterward, in vacation, within the time so granted,
the appellant filed in the clerk's office his bill of exceptions,
wherein it was stated that on the trial of the cause at the
June term, 1904, the court, "with the consent of said par-
ties, at the conclusion of the evidence and the argument of
counsel, instructed the jury orally in said cause, which in-
structions so given were taken down in shorthand by the
court reporter of said court, and by him written out in
longhand and numbered consecutively by said judge; and
that the following are the instructions so given by said
court to the jury."   Then follow eight instructions extend-
ing through more than eight typewritten pages of the trans-
cript, at the close of which it is stated in the bill: "To the
giving of each of which said instructions said defendant at
the time excepted."

It was apparently intended by the court and the parties to proceed with reference to the instructions under the proviso of section one of the statute of March 9, 1903 (Acts 1903, p. 338, §544a Burns 1905). It is by said section provided that all instructions given by the court of its own motion shall be in writing, and shall be numbered consecutively and signed by the judge; that all instructions given by the court of its own motion shall be filed with the clerk of the court at the close of the instruction of the jury; that exceptions to the giving of instructions may be taken at any time during the term, and the same may be taken orally and entered upon the record or minutes of the court, or in writing at the close of the instructions, in which case the party excepting, or his counsel, shall enter at the close of such instructions a memorandum, which shall be dated and signed, setting forth in substance that such party excepts to the giving "of each of the above instructions, designated by its number;" that all instructions given by the court of its own motion, together with all exceptions taken to the giving of instructions, "as herein prescribed, and all entries upon the minutes or records of the court in respect to such instructions and exceptions, shall be a part of the record without any bill of exceptions, and as such may be included in the transcript on appeal." These provisions are followed by a proviso that, if the parties consent thereto, the court may instruct the jury orally, in which case the instructions so given shall be taken in shorthand by the court reporter and by him written out in longhand, and the same shall be numbered consecutively and signed by the judge and filed with the clerk at least one full day before the close of the term, and "when so filed" such instructions shall be deemed to have been given in writing, and exceptions thereto may be taken "in either of the modes hereinbefore provided;" that is to say, "orally and entered upon the record or minutes of the court, or in writing at the close of the instructions," in which latter case the party except-

ing, or his counsel, shall enter at the close of such instructions a memorandum, dated and signed, setting forth in substance that such party excepts to the giving of each of "the above instructions, designated by its number." The exceptions to instructions may be so taken at any time during the term; but if they are oral instructions, the exceptions thereto may be taken "when so filed," opportunity for excepting to them as written instructions being given by requiring the filing with the clerk at least one full day before the close of the term.

If in a particular case the fulfillment of these requirements concerning oral instructions would be impossible or inconvenient, such difficulty is obviated by the requirement that all instructions shall be in writing unless the parties consent to the giving of oral instructions.

Under the former practice the court might give its instructions orally, unless required by a party to give them in writing. §§542, 543 Burns 1901, §§533, 534 R. S. 1881.

The statute of 1903 (Acts 1903, p. 338, §9, §641i Burns 1905) provides that no provision thereof shall be so construed as to preclude any matter from being

1. made a part of the record by bill of exceptions under the rules of practice then in force; but this can not be regarded as abrogating or modifying the method previously, in this statute, clearly designated for taking exceptions to oral instructions, and, if the matter may be preserved in the record by bill of exceptions, it must show the taking of the exceptions in the manner prescribed. The record does not show that the instructions were ever signed by the judge, or that they were filed with the clerk at least one full day before the close of the term, or at any other time, or that all the required steps were taken to cause them properly to be deemed to have been given in writing, and thereby to make it possible to take exceptions to them as provided by the statute, which provides for the taking

of exceptions to them when, having been taken down in shorthand by the reporter and by him written out in long-hand and numbered and signed by the judge, they shall have been filed with the clerk within one full day before the close of the term. Then they shall be deemed to have been given in writing, and exceptions "thereto" may be taken in either of the previously prescribed modes.

There is no permission to give instructions orally, except that contained in the proviso in the first section of the act of 1903, *supra,* which makes such special provision for the taking of exceptions thereto. The proviso, by its direction for the numbering of the instructions, contemplates that they will be given unnumbered. Where the jury is instructed orally, and the several charges or propositions are not numbered, the instructions being a continuous whole, it manifestly would be inconvenient or impracticable, and quite unfair to the court, to permit a general exception to each proposition or charge, without designation of any particular one, and then to allow the party, after the ruling upon the motion for a new trial and after the matter is out of the control of the trial court, to select by its number, since acquired, a particular proposition, and attack it on appeal as erroneous. The statute manifestly contemplates particularizing by numbering before the taking of exceptions to particular portions of the instructions. It does not seem to have been intended that an exception might properly be taken at the time of the oral instruction of the jury to some particular designated language which would afterward form the whole or the part or parts of some particular instruction, as the court in its discretion should afterward number the parts of the oral instruction, though, perhaps, the question not being directly involved, it is not necessary to decide here whether or not such an exception, or an exception to the entire oral instructions, the exception not being entered upon the record or minutes of the court, might be saved by bill. Cer-

tainly such a method could not be regarded as conducing to the orderly disposal of causes with desirable accuracy. The provisions of this statute for the filing with the clerk "at the close of the instruction of the jury" has been strictly enforced. *Speck* v. *Kenoyer* (1905), 164 Ind. 431.

We do not find any available error in any matter properly shown by the record and duly presented in the brief of the appellant. Judgment affirmed.