## CRONIN *v.* KEESLING ET AL.

[No. 7,590. Filed April 23, 1912.]

1. APPEAL.—*Matters Not Apparent of Record.—Instructions.—* Where an instruction complained of is not in the record it will not be noticed on appeal.  p. 261.

2. APPEAL.—*Instructions.—Failure to Save Exceptions.—*Where appellant fails to save an exception to an instruction at the time

it is given, the giving of such instruction is not a cause for a new trial and no question can be presented thereon for review on appeal. p. 262.

3. APPEAL.—*Instructions.—How Brought Into Record.*—Where instructions are in writing, they should be brought into the record either by filing with the clerk as provided by statute, or by filing a bill of exceptions containing the same, and if they were given orally they should be brought into the record by a bill of exceptions, or by having them reduced to writing, signed by the judge and filed with the clerk before the close of the term, as provided by §561 Burns 1908, Acts 1907 p. 652. p. 262.

4. APPEAL.—*Record.—Review.*—To warrant a reversal on appeal the record must affirmatively disclose error. p. 262.

From White Circuit Court; *Charles W. Hanley,* Special Judge.

Action by Bessie Cronin against Arthur R. Keesling and others. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

Bessie Cronin, in pro. per., for appellant.

*McConnell, Jenkines, Jenkines & Stuart, Lairy & Mahoney,* for appellees.

ADAMS, J.—Action for libel against appellees as publishers of the Logansport Journal. The only error assigned is that "the court erred in refusing to grant appellant a new trial."

Assuming, without deciding, that this assignment is equivalent to charging that the court erred in overruling appellant's motion for a new trial, we find the only cause for a new trial assigned in the motion and argued in appellant's brief is that "the court erred in giving instruction to the jury to return a verdict for the defendants."

This instruction is not in the record, and the only reference thereto is in the order-book entry set out in the transcript; showing that the court instructed the jury to

1. return a verdict for defendants. Instructions not properly in the record will not be noticed on appeal.

*Woods* v. *Matlock* (1898), 19 Ind. App. 364, 48 N. E. 384.

Again, it does not appear whether the instruction directing a verdict in favor of defendants was oral or in writing, and it does not appear that appellant took any exception. Instructions must be excepted to in order to be a cause for a new trial. *Port Huron Engine, etc., Co.* v. *Smith* (1898), 21 Ind. App. 233, 52 N. E. 106.

In order to present any question for review on appeal, it is necessary that the party appealing should have saved an exception to the instruction at the time it was given. If the instruction was in writing, it should have been brought into the record either by filing with the clerk as provided by statute, or by filing a bill of exceptions containing the instruction. If the instruction was oral, it should have been brought into the record by a bill of exceptions. Oral instructions may also be brought into the record under §561 Burns 1908, Acts 1907 p. 652, by having them reduced to writing, signed by the judge, and filed with the clerk before the close of the term, and exceptions may then be taken. *Strong* v. *Ross* (1905), 36 Ind. App. 174, 75 N. E. 291.

To warrant a reversal on appeal, the record must affirmatively disclose error. In this case the instruction complained of is not in the record, and it does not appear that any exception was saved to the giving of said instruction. There was, therefore, no question presented for decision by this court. *White* v. *Sun Publishing Co.* (1905), 164 Ind. 426, 429, 73 N. E. 890; *Jenkins* v. *Wilson* (1895), 140 Ind. 544, 547, 40 N. E. 39.

The judgment is affirmed.

Lairy, J., not participating.

Note.—Reported in 98 N. E. 303. See, also, under (1) 3 Cyc. 170, 176; (2) 2 Cyc. 724; (3) 2 Cyc. 1066; (4) 3 Cyc. 275. As to waiver of error by failure to except to instruction when given, see 99 Am. Dec. 132.