PUGH, ADMINISTRATOR v. THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY.

[No. 22,924.   Filed November 24, 1915.   Rehearing denied January 27, 1916.]

APPEAL.—Assignment of Errors.—Briefs.—Where the only error assigned was in the overruling of appellant's motion for a new trial, and neither the motion nor its substance is set out in appellant's brief, the brief does not comply with Rule 22, clause 5, and no question is presented.

From Superior Court of Marion County (83,541), John J. Rochford, Judge.

Action by Edwin B. Pugh, administrator of the estate of George W. Lichlyter, deceased, against The Cleveland, Cincinnati, Chicago and St. Louis Railway Company.   (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.)   Affirmed.

William D. Woods, for appellant.

*Frank L. Littleton, W. H. H. Miller, C. C. Shirley, Samuel D. Miller* and *W. H. Thompson*, for appellee.

SPENCER, J.—This is an action instituted by appellant, as administrator of the estate of George W. Lichlyter, deceased, to recover damages for the alleged wrongful death of said decedent on January 31, 1911, while at work as a freight brakeman in the employ of appellee. On issues presented by appellee's general denial to the first and second paragraphs of amended complaint, the cause was submitted to a jury, which, at the close of appellant's evidence, returned a general verdict for appellee. This verdict appears to have been based on appellee's motion for a peremptory instruction in its favor, but neither the record nor appellant's brief contains a copy of said instruction. The only error assigned and relied on for a reversal of the judgment rendered on said verdict is that the court erred in overruling appellant's motion for a new trial. Neither the text of this motion nor its substance is set out in appellant's statement of the record and his brief, in that respect, wholly fails to comply with Rule 22, clause 5, of this court. No question, therefore, is properly presented for our consideration. Judgment affirmed.

NOTE.—Reported in 110 N. E. 193. See, also, 3 C. J. 1420; 2 Cyc 1014.