ROBBINS ET AL. *v.* BANK OF STARKE COUNTY ET AL.

[No. 23,270. Filed October 30, 1917.]

1. APPEAL.—*Presenting Questions for Review.—Submission of Cause to Jury.*—The action of the trial court in sustaining a motion to submit a cause to a jury cannot be assigned independently as error on appeal, but such objection may be raised only as a ground in a motion for a new trial. p. 574.

2. APPEAL.—*Briefs.—Assignment of Errors.—Failure to Set Out Motion for a New Trial.*—An assignment of error that the trial court erred in overruling appellant's motion for a new trial presents no question for review where the motion is not set out in appellant's brief, either in substance or in full, and all questions sought to be presented thereby are waived. p. 574.

3. APPEAL.—*Presenting Questions for Review.—Directing a Verdict.*—Any question as to the action of the trial court in directing a verdict must be presented on appeal through the medium of a motion for a new trial, and not by an independent assignment as error. p. 574.

From Starke Circuit Court; *Oscar B. Smith*, Special Judge.

Action by Henry Robbins and others against the Bank of Starke county and others. From a judgment for defendants, the plaintiffs appeal. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Affirmed.*

*Henry R. Robbins* and *Evard L. Magruder*, for appellants.

*William J. Reed,* for appellees.

SPENCER, C. J.—This is a suit by appellants to recover attorneys' fees. The first and second assignments of error challenge the action of the circuit court in sustaining appellees' motion to submit the cause to a jury. This objection may be raised only as a ground in a motion for a new trial. *Kelley* v. *Bell* (1909), 172 Ind. 590, 595, 88 N. E. 58; *Horlacher* v. *Brafford* (1895), 141 Ind. 528, 532, 40 N. E. 1078.

The third assignment is that the court erred in overruling appellants' motion for a new trial. This motion is not set out in appellants' brief, either in substance or in full, and all questions sought to be presented thereby are therefore waived. *Pugh* v. *Cleveland, etc., R. Co.* (1915), 184 Ind. 350, 110 N. E. 193; *Talbott* v. *Town of Newcastle* (1907), 169 Ind. 172, 176, 81 N. E. 724.

The last assignment is that the court erred in directing a verdict in favor of appellee Wells. This question, also, may be properly presented only as a ground in a motion for a new trial. *White* v. *State, ex rel.* (1915), 183 Ind. 649, 655, 109 N. E. 905, Ann. Cas. 1917 B 527; *Raper* v. *American Tin-Plate Co.* (1900), 156 Ind. 323, 59 N. E. 937.

Although no question is properly presented for our determination, we have taken occasion to consider the several contentions made in appellants' brief and find their position to be wholly without merit. Judgment affirmed.

NOTE.—Reported in 117 N. E. 562.