STATE, EX REL. BIDDLE ET AL., *v.* BIRDEN, TRUSTEE.

[No. 23,176.    Filed June 21, 1918.]

1. APPEAL. — *Briefs.* — *Waiver of Error.* — An assigned error based on the overruling of a motion for new trial is waived where neither the motion, nor its substance, is set out in appellant's original brief. p. 467.

2. APPEAL.—*Briefs.*—*Omission.*—*Reply Brief.*—The omission to set out the motion for new trial in the appellants' brief, the

error assigned being based thereon, cannot be cured by inserting the motion in the reply brief.   p. 467.

From Tipton Circuit Court; *James M. Purvis,* Judge.

Action by the State of Indiana, on the relation of James Biddle and others, against John C. Birden, trustee.   From a judgment for the defendant, the relators appeal.   *Affirmed.*

*Leonard J. Curtis,* for appellants.

*Kent & Ryan* and *Gifford & Gifford,* for appellee.

LAIRY, J.—The only error properly assigned in this appeal is based upon the overruling of appellants' motion for a new trial.   Neither the motion for new

1. trial, nor the substance thereof, is set out in appellants' original brief, and all questions sought to be presented thereby are therefore waived. *Robbins* v. *Bank* (1917), 186 Ind. 573, 117 N. E. 562; *Pugh* v. *Cleveland, etc., R. Co.* (1915), 184 Ind. 350, 110 N. E. 193.

After appellants' attention was called to the defects in their original brief by appellee's answer brief, they made no attempt to amend their brief, but merely

2. inserted the omitted material into their reply brief.   This court has been very liberal in permitting the amendment of appellant's briefs, but it has repeatedly held that the failure to properly present any question for review in an original brief cannot be cured by correctly presenting the matter in a reply brief. *Gates* v. *Baltimore, etc., R. Co.* (1899), 154 Ind. 338, 56 N. E. 722; *Waters* v. *Delagrange* (1915), 183 Ind. 497, 109 N. E. 758; *Fox* v. *State* (1917), 186 Ind. 299, 116 N. E. 295.

There being no error presented for the consideration of this court, the judgment is affirmed.

NOTE.—Reported in 119 N. E. 865.