## PEEL v. OVERSTREET ET UX.

[No. 23,757.    Filed March 17, 1921.]

1.  APPEAL.—*Presenting Questions for Review.—Causes for New Trial.*—All causes for a new trial must be specified in the motion as causes therefor, and such causes are not properly presented to the court on appeal by alleging them by an assignment of error.  p. 291.

2.  APPEAL.—*Assignments of Error.—Sufficiency.*—Assignments of error that the court erred in finding and decreeing that the plaintiff take nothing, and that defendant recover costs, and in failing to find for plaintiff, and in finding that he take nothing, are too general to present any question on appeal, in view of the statute requiring a specific assignment of all errors relied upon.  p. 291.

3.  APPEAL.—*Briefs.—Sufficiency.—Failure to Set Out Motion for New Trial.*—Error assigned on the overruling of the motion for new trial will not be considered on appeal, where appellant's brief fails to set out the motion or the substance thereof, as required by Rule 22, cl. 5, of the Supreme Court.  p. 292.

From Howard Circuit Court; *William C. Overton,* Judge.

Action by Otis Peel against Hill Overstreet and wife. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Overson & Manning,* for appellant.
*Joseph C. Herron,* for appellees.

TRAVIS, J.—This is in action in *habeas corpus* instituted by the appellant against the appellees to obtain the release of two infant children, daughter and son respectively, of appellant from the custody of the grandfather and grandmother, appellees herein.

A writ was issued to which appellees filed their joint motion to quash, which motion was overruled by the court, and appellees then filed their return to the writ, to which return appellant filed a general denial which closed the issues.   The trial was had which resulted in the finding and judgment of the court in favor of ap-

pellees, which judgment was as follows: "It is therefore adjudged and decreed by the court that the plaintiff take nothing by his suit herein and that the defendants recover of the plaintiff all their costs herein laid out and expended."

The plaintiff appealed to this court and assigned as errors: (1) That the court erred in overruling the motion for a new trial; (2) that the court erred in finding and decreeing that the plaintiff take nothing by his suit herein, and that the defendant recover of the plaintiff all costs herein laid out and expended; (3) that the court erred in finding that the plaintiff take nothing; and (4) that the court erred in failing to find for the appellant that said appellant should have been given the custody of said children mentioned in the petition.

It is a well-settled rule of practice that all causes for a new trial must be specified in the motion as causes therefor, and that such causes are not properly

1. presented to this court by alleging such causes by an assignment of error as in the case at bar. *Zimmerman* v. *Gaumer* (1899), 152 Ind. 552, 53
2. N. E. 829; *Seisler* v. *Smith* (1898), 150 Ind. 88, 46 N. E. 993; *McGinnis* v. *Boyd* (1896), 144 Ind. 393, 42 N. E. 678; *Smith* v. *Ryan* (1882), 83 Ind. 152. The statute provides that there shall be a specific assignment of all errors relied upon. The second, third and fourth errors assigned by appellant are too general to present any question for this court to decide. *Pennsylvania Co.* v. *Gallentine* (1881), 77 Ind. 322. Also the second, third and fourth assignments of error are analogous to the second assignment set forth in the case of *Smith* v. *Ryan, supra,* and present no question to be decided by this court, which leaves, as the only assignment of error available, the first, which provides that the court erred in overruling appellant's motion for a new trial.

Appellees contend in their brief that appellant does not set out in his brief the motion for a new trial, nor the substance of the motion, and that thereby 3. appellant has failed to present any question to this court for consideration. This court has had its Rule 22, clause 5, which has long obtained in the practice and ought not to be easily misunderstood. It is noted in the examination of appellant's brief that appellees are correct in their contention, for neither the motion for a new trial is set out, nor the substance thereof stated in the brief of appellant. As provided in said clause of said rule, concerning which it has long been the recognized appellate procedure in this court, that when neither the motion for a new trial nor the substance thereof is set out in appellant's brief, all questions sought to be presented thereby are waived, therefore the brief of appellant in the case at bar fails to present any question for the consideration of this court. *State, ex rel.* v. *Birden, Trustee* (1918), 187 Ind. 466, 119 N. E. 865; *Epstein* v. *State* (1920), *post*, 693, 127 N. E. 441, 128 N. E. 353; *Robbins* v. *Bank* (1917), 186 Ind. 573, 117 N. E. 562; *Pugh, Admr.*, v. *Cleveland, etc., R. Co.* (1916), 184 Ind. 350, 110 N. E. 193; 3 C. J. 1420; Ewbank's Manual (2d ed.) §182a. The identical question presented herein has been before this court so many times that it is deemed well to call attention upon this point to the case of *McCrocklin* v. *State* (1920), 189 Ind. 254, 126 N. E. 678, and the authorities and cases there cited.

There is no available error. The judgment is affirmed.

Townsend, J., absent.