WEST *v.* MASSACHUSETTS BONDING AND INSURANCE COMPANY.

[No. 14,826. Filed February 13, 1935. Rehearing denied June 27, 1935. Transfer denied November 18, 1935.]

*Floyd O. Jellison* and *W. A. Slick,* for appellant.

*Graham, Crane & Elliott,* for appellee.

CURTIS, J.—This is an action brought by the appellant, the assured, against the appellee on an accident policy, claiming indemnity for the loss of sight of his left eye. While chopping wood at his home, the assured received an injury to his left eye by a flying piece of wood which resulted within ninety (90) days thereafter in the total loss of sight of such eye. His policy had been in continuous force and effect since its execution on the 5th day of November, 1913. The complaint seeks recovery for the loss of sight of his eye under said policy in the sum of five hundred ($500.00) dollars and interest.

To appellant's complaint the appellee filed an answer in two paragraphs: first, general denial; and second, an answer alleging in substance that the appellant was entitled to one-tenth (1/10) only of the indemnity named in his policy for loss of sight of his eye because he had not strictly complied with the provisions of said policy with reference to preliminary notice to appellee in that he did not give such notice within twenty (20) days of the date of the accident, although the giving of such notice was reasonably possible within said time. To this paragraph of answer the appellant replied in general denial. Upon the issues thus formed the cause was submitted for trial before a jury.

The court at the conclusion of plaintiff's (appellant's) evidence instructed the jury to return a verdict for the appellant in the sum of fifty ($50.00) dollars only, to the giving of which instruction the appellant excepted. In accordance with the instruction of the court, the jury returned a verdict for the appellant in the sum of fifty ($50.00) dollars. Judgment was rendered upon the verdict. The appellant's motion for a new trial was overruled with an exception, and this appeal prayed

and perfected, the error relied upon for reversal being the ruling of the court upon said motion. The grounds or causes in said motion are as follows: "(1) The court erred in giving to the jury at the conclusion of plaintiff's evidence and at the time plaintiff rested his case the following instruction: Gentlemen of the jury: The court has sustained a request on the part of the defendant at the conclusion of the plaintiff's case that the jury return a verdict for the plaintiff in the sum of fifty ($50.00) dollars and the court does now so instruct the jury to return a verdict for the plaintiff in the sum of fifty ($50.00) dollars and for the purpose of signing the verdict appoints Mr. McErlain, foreman of the jury, to the giving of which instruction plaintiff at the time objected and excepted. (2) The court erred in refusing to give to the jury each of the instructions requested by plaintiff and numbered from one (1) to four (4), inclusive, to which refusal plaintiff at the time except as to such refusal as to each of said instructions. (3) The verdict of the jury is not sustained by sufficient evidence and is contrary to law."

It is earnestly contended by the appellee that "there is no question presented by the record or by appellant's brief for decision by this court." After a careful consideration of this contention we are convinced that it must prevail, much as our inclination would be to consider the case upon its merits.

The appellant has assigned as error the action of the trial court in overruling his motion for a new trial, which motion for a new trial contains three grounds or specifications as above set out. However, under his points and authorities portion of his brief he relies only on the alleged error of the court in giving the instruction set forth as specification "one" in his motion for a new trial, and says that the giving of said instruction "is the one question raised by this

appeal." His points and authorities in his brief under the heading of Propositions, Points and Authorities are by the appellant himself directed and related solely to the said first specification in the motion for a new trial. The other grounds of the motion are not brought forward and presented in his brief under the above mentioned heading. The authorities are numerous and unanimous in holding that the causes or grounds not thus brought forward and presented are waived. See Rule 22 of the Rules of the Supreme and Appellate Courts in force when the brief of the appellant was filed, now Rule 21 of the Revised Rules adopted November 1, 1933.

We quote from the appellant's brief as follows: "At the close of appellant's evidence the trial court, at the request of appellee, gave to the jury a binding instruction to find for appellant in the sum of $50.00 or 1/10th of the indemnity provided in his policy for loss of one eye. In so instructing the jury the trial court held that appellant had not strictly complied with his policy in giving notice of injury and accident on which his claim was based. Ground No. 1, appellant's motion for a new trial is based on the alleged error of the trial court in giving above instruction. That its giving was error is the one question raised by this appeal." It is clear, therefore, that this cause or ground of the motion is the only cause or ground attempted by the appellant to be presented to this court. But it is contended by the appellee that the instruction set out in said first cause or ground of the motion is not in the record and not before the court. If this be true, then the appellee's contention that no question is brought before us in this appeal is correct. The appellant's brief discloses that the instruction complained of is a peremptory instruction to the jury, given at the appellant's request, at the close of the plaintiff's (appellant's) case

to return a verdict in favor of the plaintiff (appellant) for $50.00 only. There can be no doubt but that the appellee is correct in its contention that the instruction in question has not been made a part of the record either by a bill of exceptions or by a compliance with the requirements of any one of sections 584, 585, 586 or 717 of Burns R. S. 1926. The transcript sets forth a purported instruction unsigned by the judge and states that the said instruction was given to the jury by the court and excepted to by the appellant. The record discloses no bill of exceptions making said instruction a part of the record nor any order of court making such instruction a part of the record in accordance with section 717, *supra,* and neither is the instruction identified and authenticated by the provisions of any one of sections 584, 585 or 586, *supra.* See: *Pennsylvania R. Co.* v. *Hemmer* (1934), 206 Ind. 311, 186 N. E. 285, 189 N. E. 137; *City of Indianapolis* v. *Barthel, Admr.* (1924), 194 Ind. 273, 141 N. E. 339, 141 N. E. 409; *Indiana Quarries Co.* v. *Lavender* (1917), 64 Ind. App. 415, 114 N. E. 417, 116 N. E. 2; *Tell City Canning Co.* v. *Wilbur* (1910), 46 Ind. App. 550, 93 N. E. 174. The appellant himself does not contend that the instruction has been made a part of the record by any of the above methods. He does in effect contend that it is a part of the record by virtue of section 684, Burns R. S. 1926, without a bill of exceptions. In this contention the appellant is in error. The appellant relies upon the case of *Kelly* v. *Herbst* (1930), 202 Ind. 55, 170 N. E. 853. That case is not in point. It involved a request for a jury trial and the refusal of the court to grant same. No question whatever was presented in that case concerning instructions. We are not advised of any method of making instructions a part of the record except by the specific methods above mentioned. This leaves remaining the one question as to whether or not a peremptory in-

struction, such as the one in the instant case, stands upon the same footing as other instructions and that before any question can be presented thereon for review it must be brought into the record by the methods mentioned above for making instructions a part of the record. The authorities are in accord in holding that in order to present any question on such an instruction it must be brought into the record by the same method as other instructions are brought into the record. See: *Getchel* v. *The Chicago Junction Railway Company* (1902), 29 Ind. App. 410, 64 N. E. 618; *Cronin* v. *Keesling et al.* (1912), 50 Ind. App. 260, 98 N. E. 303; *Williams* v. *Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company* (1918), 68 Ind. App. 93; 120 N. E. 676; *Raper* v. *American Tin Plate Company* (1901), 156 Ind. 323, 59 N. E. 937; *Smith, Admx.* v. *Cleveland, etc., R. Co.* (1917), 67 Ind. App. 397, 117 N. E. 534; *Abernathy* v. *McCoy et al.* (1930), 91 Ind. App. 574, 154 N. E. 682; *Cook & Bernheimer* v. *Hagedom* (1925), 82 Ind. App. 444, 131 N. E. 788. In the case of *Smith, Admx.* v. *Cleveland, etc., R. Co., supra,* the appellant had assigned in her motion for a new trial the action of the court in sustaining appellee's motion for a peremptory instruction and in passing upon the matter the court, among other things, said: "This action of the court does not constitute reversible error since the mere sustaining of such motion worked no injury to appellant, but the substantial and available error, if any, was in instructing the jury to find for the appellee," citing the Getchel case, *supra*.

Copying the instruction in the motion for a new trial does not avail to bring the instruction into the record. See the authorities above cited and the additional ones cited therein.

By the failure to bring the instruction complained of into the record and by the failure to present any of the

other grounds of the motion for a new trial for our consideration there is no question presented for review.

Judgment affirmed.