## SINGER *v.* ECKLER MOTOR COMPANY.

[No. 14,930.   Filed May 7, 1935.]

R. W. *Armstrong*, for appellant.

Daniel H. *Ortmeyer*, for appellee.

BRIDWELL, J.—Appellant was injured when an automobile in which he was riding as a guest overturned while being driven over a public highway in this state at a rate of speed estimated to be from fifty to sixty-five

miles an hour, the accident occurring at a point where there was an abrupt turn in the course of said highway, and at a time when another automobile was approaching such turn from the opposite direction. . The automobile in which appellant was riding was owned by appellee and was in charge of a salesman who sold automobiles for appellee on a commission basis under an arrangement whereby appellee furnished the car to said salesman for the purpose of soliciting prospective purchasers of automobiles to buy from appellee, the salesman to furnish at his own expense the gasoline and oil required to operate the car while it was being so used, and such salesman was authorized to sell cars for appellee in the city of Evansville, Indiana, and in territory in that vicinity. When the accident happened, appellee's salesman, appellant, and two other persons (one of whom was driving) were occupants of the car; they were returning from a "camp" located about ten or twelve miles from Evansville where such salesman had taken them, and where they had spent two or three hours in recreation. Appellee's salesman was riding in the front seat with the operator of the car who was driving with the consent and permission of said salesman. On the day of the accident, and before going to the country, the salesman had attempted to contact a prospective purchaser, and had learned that this could not be done until about 6 o'clock p. m., and it was his intention to attempt to interview such person upon his return. Of the occupants of the car only the salesman was employed by appellee, and at the time of the accident the car was not being driven in order to demonstrate its value to any prospective purchaser.

Appellant instituted this action against appellee seeking to recover damages for the injuries suffered by him when the accident occurred, charging in his complaint that his injuries were sustained by reason of the

negligence of appellee's salesman in permitting the automobile owned by appellee to be driven at a "high, dangerous and reckless rate of speed" over a narrow, much traveled highway with "abrupt turns" and "steep hills" and "inclines," thereby causing the accident resulting in his injury. Appellee filed an answer in general denial to the complaint, the cause was submitted to a jury for trial, and at the close of all the evidence, upon motion of the appellee, the court instructed the jury to return a verdict for the defendant (appellee); which the jury did. Appellant reserved an exception to the ruling of the court in sustaining a motion for a peremptory instruction, and objected and excepted to the giving of such instruction. Judgment was rendered upon the verdict. The appellant in due course filed his motion for a new trial which was overruled, and he excepted, and this appeal was thereafter perfected, appellant assigning as errors that: (1) The court erred in overruling appellant's motion for a new trial; (2) the court erred in peremptorily instructing the jury to find for the defendant.

The second alleged error in the assignment of errors can only be presented through the medium of a motion for a new trial, and is not proper as an independent assignment of error. *Ault* v. *Clark* (1916), 62 Ind. App. 55, 112 N. E. 843; *White et al.* v. *State of Indiana, ex rel. Huff* (1915), 183 Ind. 649, 109 N. E. 905.

The causes stated in the motion for a new trial are as follows:

(1). "That the court erred in peremptorily instructing the jury to find for the defendant."

(2). "That the court erred in giving the instruction 'Number One,' requested by the defendant, in which the court directed the jury, over the objection of the plaintiff, to return a verdict for the defendant."

Appellant contends that the question as to whether the salesman employed by appellee was at the time of the accident engaged in the business of his employer, and acting within the scope, or the apparent scope, of his authority, is a question of fact for the jury to determine, and that under the evidence given in this cause the court erred in giving the peremptory instruction.

Appellee insists that no question is presented for review as to the giving of such instruction, because of the fact that the instruction given has not been made a part of the record on appeal. We are of the opinion that this contention of appellee must prevail. The record fails to disclose any bill of exceptions making said instruction a part of the record, or any attempt to make such instruction a part of the record in the manner provided for by sections 584, 585, or 586 Burns' Ann. Stat. 1926. It does appear that appellant attempted to bring said instruction into the record in accordance with the provisions of section 717, Burns 1926, from the following order book entry, constituting part of the transcript.

"It is now ordered, by the Court, that the peremptory instructions given by the Court at the request of the defendant be and the same is now ordered and directed to be made a part of the record without a special bill of exceptions."

It is to be noted that the peremptory instruction given in this cause was not incorporated in or set out in the order purporting to make it a part of the record. In the recent case of *Pennsylvania R. Co.* v. *Hemmer* (1934), 206 Ind. 311, 330, 189 N. E. 137, our Supreme Court, in reviewing authorities upon this subject, among other things, said:

"When a party relies upon an order of the court to bring instructions into the record, under §717, Burns, etc., 1926, *supra,* the instructions must be incorporated in the body of the order."

This was not done in the instant case, and it must, therefore, be held that the instruction involved is not a part of the record by virtue of section 717, *supra*.

Appellant, in his reply brief and on oral argument, makes the contention that it is not necessary to make a peremptory instruction a part of the record; that such an instruction is a mere order or direction of the court as to the form of the verdict, and the error, if any, in its giving, should be considered by the court if there has been an objection and exception to the giving of said instruction by the party adversely affected, which are disclosed by the record. Our decisions hold to the contrary. In the case of *Goodman* v. *State* (1919), 188 Ind. 70, 121 N. E. 826, our Supreme Court said:

> "An instruction directing a verdict must be made a part of the record in the same manner as other instructions," and cited *Williams* v. *Pittsburgh, etc., R. Co.* (1918), 68 Ind. App. 93, 120 N. E. 46.

In the recent case of *West* v. *Massachusetts, etc., Co.* (1935), (Ind. App.), 194 N. E. 187, this court so held, citing a number of decisions in support of its opinion. We adhere to the former decisions of our courts in this respect.

The instruction given not being in the record, no question is presented for review.

Judgment affirmed.