### BUNKER *v.* MONTEL.

[No. 15,142. Filed April 20, 1936.]

*Raymond Brooks* and *Albert Stump*, for appellant.

*John F. Kelton* and *Walter Brubacker*, for appellee.

WOOD, J.—The appellant brought suit against the appellee to recover for the value of medical services, nursing and medicinal supplies furnished by appellant to one Richard Reikin, upon an alleged implied promise of appellee to pay appellant therefor. The issues were closed by an answer in general denial.

The cause was submitted to a jury for trial. At the conclusion of appellant's evidence, upon motion of the appellee, the court gave an oral instruction to the jury to return a verdict in favor of appellee, and thereupon the jury did return such a verdict. Judgment was ren-

dered upon this verdict in favor of the appellee. Appellant, within the statutory period of time, filed a motion for a new trial, alleging as the only cause therefor, the action of the court in giving to the jury said peremptory instruction. This motion was overruled. Appellant has appealed assigning as the only error for reversal, the overruling of her motion for a new trial.

The peremptory instruction, on the giving of which appellant bases her only reason for a reversal of the judgment in this cause is not brought into the record by a bill of exceptions, nor by any method provided by our code of civil procedure.

It is now well settled by the decisions of our Supreme Court and this court, that in order to present any question for review on a peremptory instruction, it must be brought into the record in the same manner as any other instruction. *West* v. *Massachusetts, etc., Co.* (1935), 101 Ind. App. 84, 194 N. E. 187; *Singer* v. *Eckler Motor Co.* (1935), 100 Ind. App. 322, 195 N. E. 586.

The record failing to present any question for our consideration the judgment is affirmed.