THE WESTERN AND SOUTHERN LIFE INSURANCE
COMPANY *v.* DAVIS, ADMINISTRATRIX.

[No. 15,499. Filed May 26, 1937. Rehearing denied October
15, 1937. Transfer denied December 16, 1937.]

Cooper, Royse, Gambill & Crawford, Craig & Craig, and *William A. Doody*, for appellant.

*George W. Wells*, and *Rawley & Stuart*, for appellee.

KIME, J.—Anne Davis, as administratrix of the estate of George Davis, deceased, brought this action by amended complaint in one paragraph against the appellant to recover damages on account of the wrongful death of her deceased husband. The amended complaint alleged that defendant had in its employ on January 23, 1934, one Victor Gabel; that Gabel was the agent and employee of defendant in writing and delivering insurance policies and collecting premiums on insurance policies for appellant who had and maintained an office in the city of Terre Haute. That said agent as such on the above date drove his automobile on a certain public highway to the residence of one Foster to collect insurance premiums; that he carelessly and negligently parked said automobile on the west side of said highway on the traveled portion thereof and west of the center of said highway, without an attendent and without any lights burning on said automobile, and that it was dark at said time. The plaintiff's decedent was riding in an automobile driven by another person on said highway and by reason of the negligence of said agent in parking said automobile the automobile in which plaintiff's decedent was riding collided with said parked automobile and fatally injured plaintiff's decedent. Damages were asked in the sum of $10,000.00.

To this amended complaint defendant filed a motion to make more specific which was overruled. Following the overruling of defendant's demurrer to the amended complaint it answered in general denial. Trial was had to a jury and the appellant's brief states that at the close of plaintiff's evidence defendant filed a motion asking that the jury be instructed to return a verdict in its

favor. This was denied and defendant then introduced its evidence. At the close of all the evidence the brief states that another motion was filed asking for an instruction that the jury be directed to find in its favor. The court refused to give this instruction. The jury returned a verdict for plaintiff for $3,000.00. Defendant's motion for new trial was overruled. Judgment was entered on the verdict in favor of plaintiff for $3,000 and costs, and this appeal followed. The errors assigned are that the court erred: (1) in overruling appellant's motion for a peremptory instruction requesting the court to instruct the jury to find for the appellant at the close of appellee's evidence; (2) in overruling appellant's motion for a peremptory instruction requesting the court to instruct the jury to find for the appellant at the conclusion of all the evidence; (3) in overruling appellant's demurrer to appellee's amended complaint; and (4) in overruling appellant's motion for new trial.

Appellant's first and second assignments relied on for reversal are not proper independent assignments of error. *Singer* v. *Eckler Motor Co.* (1935), 100 Ind. App. 322, 195 N. E. 586. Therefore no question is presented by either assignment.

Appellant contends that the court erred in overruling its demurrer to the amended complaint of appellee on the ground that such complaint did not state facts sufficient to constitute a cause of action. The complaint avers that the appellant, through its agent and employee, Victor Gabel, carelessly and negligently parked an automobile and left it standing on the west side and west of the center line of the highway on the traveled part thereof, without an attendant, after night, without any lights burning on said automobile, and as proximate result of said negligence of the appellant an automobile in which decedent was riding collided with appellant's automobile and appellee's de-

cedent was injured from which injuries he died. This averment in effect said that the fatal injury was caused by appellant acting through its duly authorized agent and employee. Thus at the trial it became a "question of evidence as to whether the persons who performed the acts charged to have been injurious to the plaintiff were the agents and servants of defendant, and acting at the time within the lines of their respective duties. This was a substantial compliance with the rules of good pleading and with the precedents in similar cases." *The Wabash Ry. Co.* v. *Savage* (1886), 110 Ind. 157, 9 N. E. 85; *Singer, etc. Machine Co.* v. *Phipps* (1911), 49 Ind. App. 116, 94 N. E. 793.

Appellee contends that no question is presented by the record here as to whether the court erred in refusing to give a peremptory instruction at the close of all the evidence because such instruction has not been made a part of the record in this appeal. The record fails to disclose any bill of exceptions making this peremptory instruction a part of the record or any attempt on the part of the appellant to make it a part thereof in the manner provided in Acts of 1881 (Spec. Sess.) ch. 38, §§376 and 378, p. 240, 310, 312, Acts 1903, ch. 193, §1, p. 338, Acts 1907, ch. 283, §1, p. 652 or Acts 1881 (Spec. Sess.) ch. 38, §638, p. 240. This instruction was not incorporated in or set out in any order purporting to make it a part of the record. It is necessary that when a party relies upon an order of court to bring an instruction into the record under the last cited statute it must be incorporated in the body of the order. *Singer* v. *Eckler Motor Co., supra; West* v. *Massachusetts Bonding & Ins. Co.* (1935), 100 Ind. App. 365, 194 N. E. 186; *Pennsylvania Railroad Co.* v. *Hemmer, Admx.* (1933), 206 Ind. 311, 189 N. E. 137.

The appellant in its reply brief makes no answer to

the appellee's contention that this tendered instruction is not part of the record and since this instruction must be made a part thereof in the same manner as other instructions the appellant has failed to make this peremptory instruction at the close of all the evidence a part of the record and the question attempted to be presented by his brief must fail. *Goodman et al.* v. *State of Indiana* (1919), 188 Ind. 70, 121 N. E. 826.

Appellant's fourth assignment of error is that the court erred in overruling its motion for new trial. ■ In its brief appellant sets out under Proposition IV the following:

"The court erred in overruling appellant's motion for new trial.

"The errors relied upon by appellant in the court's overruling of appellant's motion for new trial are specifications 1, 2, 3, 4, 5, 6, 7, 8, 9, and 10, contained in said motion for new trial, which specifications in said motion for new trial are as follows, to wit:

"(1) The court erred at the close of plaintiff's evidence in chief in overruling the defendant's motion for a peremptory instruction requesting the court to instruct the jury to find for the defendant.

"(2) The court erred at the close of all the evidence introduced in the case in overruling the defendant's motion for peremptory instruction requesting the court to instruct the jury to find for the defendant.

"(3) The court erred at the close of plaintiff's evidence in refusing to instruct the jury to find for the defendant.

"(4) The court erred at the conclusion of all the evidence introduced in the case in refusing to instruct the jury to find for the defendant.

"(5) The court erred in overruling defendant's demurrer to plaintiff's amended complaint.

"(6) The verdict of the jury is not sustained by sufficient evidence.

"(7) The verdict of the jury is contrary to law.

"(8) The verdict of the jury is contrary to the law and the evidence.

"(9) The judgment is not fairly supported by the evidence.

"(10) The judgment is clearly against the weight of the evidence."

Some of these alleged grounds are not proper grounds, causes or reasons for a new trial. After setting out the above quoted matter the appellant, without attempting to designate to which ground of the motion the matter following is applicable, has stated many abstract propositions of law. In the absence of a specific designation, as provided in the rules, this court is unable to tell to which of the ten grounds of its motion for new trial any of the abstract statements are to be applied, thus appellant has failed, by its brief, to properly present anything under the fourth assignment of error. *Haynes* v. *Switzer Real Estate Corp.* (1935), 100 Ind. App. 410, 196 N. E. 133; *McCord, et al.* v. *Chief Anderson Assn. Inc.* (1935), 100 Ind. App. 468, 196 N. E. 346; *Henry G. Jones* v. *William Lloyd Moise et al.* (1937), ante 390, 8 N. E. (2d) 99.

The judgment of the Clay Circuit Court is in all things affirmed.