JOURNAL ENTRY AND OPINION
On March 26, 2001, the relator, David King, commenced this mandamus action against the respondents, the State of Ohio, Judge Christopher Boyko and the Court of Common Pleas, to compel them to notify him of his right of appeal as stated in R.C. 2953.08 in the underlying case, State of Ohio v. David King, Cuyahoga County Common Pleas Court Case No. Cr. 395587. We dismiss this writ action sua sponte.
A review of the docket in the underlying case reveals that on March 15, 2001, King pleaded guilty to five counts of gross sexual imposition, two counts of rape and one count of felonious assault. He was sentenced to a total of eighteen years of incarceration.
The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief; (2) the respondent must have a clear legal duty to perform the requested relief; and (3) there must be no adequate remedy at law. State ex rel. Ney v. Niehaus (1987),33 Ohio St.3d 118, 515 N.E.2d 914. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. State ex rel. Taylor v. Glasser (1977), 50 Ohio St.2d 165, 364 N.E.2d 1; State ex rel. Shafer v. Ohio Turnpike Commission (1953), 159 Ohio St. 581, 113 N.E.2d 14; State ex rel. Connole v. Cleveland Board of Education (1993), 87 Ohio App.3d 43,621 N.E.2d 850; and State ex rel. Dayton-Oakwood Press v. Dissinger (1940), 32 Ohio Law Abs. 308. The court also has discretion in issuing it. In State ex rel. Pressley v. Industrial Commission of Ohio (1967),11 Ohio St.2d 141, 228 N.E.2d 631, paragraph seven of the syllabus, the Supreme Court of Ohio ruled that in considering the allowance or denial of the writ of mandamus on the merits, [the court] will exercise sound, legal and judicial discretion based upon all the facts and circumstances in the individual case and the justice to be done. The Court elaborated that in exercising that discretion, this court should consider
 the exigency which calls for the exercise of such discretion, the nature and extent of the wrong or injury which would follow a refusal of the writ, and other facts which have a bearing on the particular case. * * * Among the facts and circumstances which the court will consider are the applicant's rights, the interests of third persons, the importance or unimportance of the case, the applicant's conduct, the equity and justice of the relator's case, public policy and the public's interest, whether the performance of the act by the respondent would give the relator any effective relief, and whether such act would be impossible, illegal, or useless. Id. at 161-162, 228 N.E.2d at 647; see, also, State ex rel. Bennett v. Lime (1978), 55 Ohio St.2d 62, 378 N.E.2d 152; State ex rel. Dollison v. Reddy (1978), 55 Ohio St.2d 59, 378 N.E.2d 150; and State ex rel. Mettler v. Commissioners of Athens County (1941), 139 Ohio St. 86, 8 N.E.2d 393.
In the present case it is not clear that, under R.C. 2953.08, King must be notified of his right to appeal because that statute does not explicitly require a judge to so inform a convicted defendant. It is obvious, however, that King knows of that right to appeal, and, therefore, he has an adequate remedy at law: timely filing a notice of appeal within thirty days of the final judgment entry. If necessary, he could file a motion for delayed appeal under App.R. 5.
Additionally, King's petition is fatally defective because he failed to support his complaint with an affidavit specifying the details of the claim as required by Local Rule 45(B)(1)(a). State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077, unreported and State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899, unreported. He has also failed to comply with R.C. 2969.25, which requires an affidavit that describes each civil action or appeal filed by the relator within the previous five years in any state or federal court. Similarly, his poverty affidavit does not state the amount of money he has on deposit in his inmate account as required by subsection (C)(1). King's failure to comply with R.C. 2969.25 warrants dismissal of the complaint for a writ of mandamus. State ex rel. Zanders v. Ohio Parole Board (1998), 82 Ohio St.3d 421, 696 N.E.2d 594 and State ex rel. Alford v. Winters (1997), 80 Ohio St.3d 285, 685 N.E.2d 1242.
Accordingly, the court dismisses this petition for writ of mandamus. Costs assessed against the relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
 __________________ ANNE L. KILBANE, J.